IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHALAFALA KHALAFALA,<br><br>Petitioner,<br><br>vs.<br><br>EDMUND G. BROWN, JR., Attorney General of the State of California,<br><br>Respondent. | No. 2:06-cv-01152-JKS<br><br>MEMORANDUM DECISION |

Petitioner Khalafala Khalafala, a former state prisoner, proceeding *pro se* filed a petition for habeas corpus relief under 28 U.S.C. § 2254.  At the time Khalafala filed his petition he was in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the California State Prison, Solano.  Khalafala is currently on parole in the custody of the U.S. Immigration and Customs Enforcement at the Florence Processing Center, Florence, Arizona. Respondent has filed an answer to the petition, and Khalafala has replied.

## I.  BACKGROUND/PRIOR PROCEEDINGS

After a bench trial Khalafala was convicted in the California Superior Court, Sacramento County, of two counts of assault with the intent to rape [Cal. Penal Code § 220] against two separate victims, Debra P. and Shelly C. on two different dates.  The trial court sentenced Khalafala to a term of eight years' imprisonment.  Khalafala timely appealed his conviction to the California Court of Appeal, Third District, which affirmed his conviction but vacated his sentence and remanded for re-sentencing in an unpublished reasoned decision.[1]  The California Supreme Court summarily denied review on July 18, 2007.  Following re-sentencing by the Sacramento County Superior Court, Khalafala again timely appealed to the California Court of

---

[1] *People v. Khalafala*, 2007 WL 1139588 (Cal. App. 2007).

Appeal, Third District, which dismissed his appeal on a motion of the People on February 9, 2008.

While his direct appeal from his conviction was pending, Khalafala filed a petition for a writ of mandate in the California Supreme Court, which was transferred by the Court to the California Court of Appeal, Third District, and denied by the California Court of Appeal on January 19, 2006.  Khalafala filed a second petition for a writ of mandate in the California Court of Appeal, Third District, which was also denied by that court on January 19, 2006.

Khalafala also filed six petitions for a writ of habeas corpus in the California courts while his first direct appeal was pending, all of which were denied.[2]

| Date Filed | Court | Date Denied |
|---|---|---|
| May 30, 2006 | California Supreme Court | February 7, 2007 |
| June 28, 2006 | California Court of Appeal, Third District | July 13, 2006 |
| September 27, 2006 | California Court of Appeal, Third District | October 12, 2006 |
| December 1, 2006 | California Superior Court, Sacramento County | January 23, 2007 |
| December 1, 2006 | California Superior Court, Sacramento County | January 17, 2007 |
| April 11, 2007 | California Court of Appeal, Third District | April 19, 2007 |

Khalafala timely filed his original petition for habeas corpus relief in this Court on May 26, 2006, and his amended petition with leave of court on May 9, 2007.

## II.  ISSUES RAISED/DEFENSES

In his amended petition Khalafala raises ten grounds:  (1) his in-court identification by the victim was tainted by an impermissible pretrial identification procedure; (2) the in-field identification was tainted; (3) suppression by the prosecution of exculpatory evidence; (4) ineffective assistance of trial counsel; (5) insufficiency of the evidence to convict; (6) violation of the Confrontation Clause by the admission of hearsay testimony at the preliminary hearing; (7) violation speedy trial rights; (8) the prosecution improperly motivated the complaining witness; (9) double jeopardy; and (10) trial court improperly denied a motion for a new trial.  Respondent

---

[2] These petitions are not relevant to the determination of Khalafala's petition before this Court.

contends the first and second grounds are procedurally barred.  Respondent does not raise any other affirmative defenses.[3]

### III.  STANDARD OF REVIEW

Because Petitioner filed his petition after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d).  Consequently, this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[4]  The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[5]  The holding must also be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts.[6]  Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[7]  When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court precedent must be objectively unreasonable, not just incorrect or erroneous.[8]  The Supreme Court has made clear that the objectively unreasonable standard is a substantially higher threshold than

---

[3] *See* Rules—Section 2254 Cases, Rule 5(b).

[4] 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 404-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[5] *Williams*, 529 U.S. at 412.

[6] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[7] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. 120, ___, 128 S. Ct. 743, 746-47 (2008) (per curiam); *Knowles v. Mirzayance*, 556 U.S. ___, 129 S. Ct. 1411, 1419–20 (2009); *Moses v. Payne*, 555 F.3d 742, 753–54 (9th Cir. 2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not).

[8] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

simply believing the state court determination was incorrect.[9]  In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state-court criminal trial is whether the error had a substantial and injurious effect or influence in determining the jury's verdict.[10]

In applying this standard, this Court reviews the last reasoned decision by the state court,[11] which in this case was that of the California Court of Appeal.  Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[12]

To the extent that the petition raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding.  It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law.[13]  A federal court must accept that state courts correctly applied state laws.[14]  A petitioner may not transform a state-law issue into a federal one by simply asserting a violation of due process.[15]  A federal court may not issue a habeas writ based upon a perceived error of state law unless the error is sufficiently egregious to amount to a denial of due process under the Fourteenth Amendment.[16]

---

[9] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

[10] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

[11] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004).

[12] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[13] *See Engle v. Isaac*, 456 U.S. 107, 128 (1982).

[14] *Bell v. Cone,* 543 U.S. 447, 455 (2005); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (it is presumed that the state court knew and correctly applied state law), overruled on other grounds by *Ring v. Arizona*, 536 U.S. 584 (2002).

[15] *See Ponnapula v. Spitzer*, 297 F.3d 172, 182 (2d Cir. 2002).

[16] *See Pulley v. Harris*, 465 U.S. 37, 41 (1984).

IV.  DISCUSSION

Ground 1:  In-Court Identification.

Approximately one week before trial, the prosecutor showed one of the complaining witnesses, Shelly C., a photograph of Khalafala.  Khalafala contends that this procedure tainted the witness's in-court identification of him as the perpetrator and, therefore, the identification was inadmissible.  The California Court of Appeal, after noting that the argument was forfeited by a failure to object in the trial court, nonetheless found the argument to be without merit in its reasoned decision.[17]

Respondent has raised procedural bar as a defense.  Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."[18]  This Court may not reach the merits of procedurally defaulted claims, that is, claims "in which the petitioner failed to follow applicable state procedural rules in raising the claims . . . ."[19]  "[I]n order to constitute adequate and independent grounds sufficient to support a finding of procedural default, a state rule must be clear, consistently applied, and well established at the time of the petitioner's purported default."[20]  The California contemporaneous objection rule is "clear, consistently applied, and well-established" where, as here, a party fails to make a proper objection to the admission of evidence.[21]  The rule is therefore operative in the case at bar as an "adequate and independent" state procedural bar.[22]  Moreover, the California rule is entirely

---

[17] *Khalafala*, 2007 WL 1139688 *2–4.

[18] *Coleman v. Thompson,* 501 U.S. 722, 729 (1991).

[19] *Sawyer v. Whitley,* 505 U.S. 333, 338 (1992).

[20] *Morales v. Calderon,* 85 F.3d 1387, 1393 (9th Cir. 1996) (internal quotation marks and citations omitted).

[21] *Melendez v. Pliler,* 288 F.3d 1120, 1124–25 (9th Cir. 2002).

[22] *See Collier v. Bayer,* 408 F.3d 1279, 1283 (9th Cir. 2005).

consistent with federal law, as established by the United States Supreme Court, which also requires the specific ground on which an objection is based.[23]

The Court agrees with Respondent that, because Khalafala's claim was defaulted in the state court on an adequate and independent state ground, it should not be considered in this federal habeas proceedings unless Petitioner can demonstrate cause for the default and actual prejudice.[24]   However, because Khalafala also raises this issue in his ineffective counsel claim, to address that claim, the Court must first determine whether the California trial court would be required to exclude the evidence assuming a timely and proper objection were made.[25]

In a case where the witness makes an in-court identification arguably as a result of pretrial exposure to a suggestive procedure, that identification will be set aside only if the prior identification "procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misrepresentation."[26]

> [T]he central question, whether under the 'totality of the circumstances' the identification was reliable even though the confrontation procedure was suggestive. As indicated by our cases, the factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.[27]

---

[23] Fed. R. Evid. 103(a)(1); *see generally Yakus v. United States*, 321 U.S. 414, 444 (1944) ("No procedural principle is more familiar to this Court than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it."); *Peretz v. United States*, 501 U.S. 923, 936–37 (1991) and the cases cited therein.

[24] *See Coleman,* 501 U.S. at 729.

[25] *See Jie Lin v. Ashcroft*, 377 F.3d 1014, 1027 (9th Cir. 2004) (holding that the court "must consider the underlying merits of the case to come to a tentative conclusion as to whether [a petitioner's] claim, if properly presented, would be viable," notwithstanding the alleged ineffective assistance of counsel).

[26] *Simmons v. United States*, 390 U.S. 377, 384 (1968); *Neil v. Biggers*, 409 U.S. 188, 196–97 (1972).

[27] *Biggers*, 409 U.S. at 199–200.

MEMORANDUM DECISION
*Khalafala v. Brown*, 2:06-cv-01152-JKS                6

In this case, as the California Court of Appeal noted in its opinion, Shelly C. identified Khalafala the night of the crime, which was the reason the prosecutor had his picture. Her identification of Khalafala at trial was the product of the initial identification, not the picture.[28] The Court of Appeal further noted that the initial identification took place on the evening of the assault very shortly after it occurred.[29] The facts surrounding the assault clearly indicate that Shelly C. had ample opportunity at the time of the crime to view Khalafala, and her attention was certainly focused on him. Under these facts, this Court cannot say that the decision of the California Court of Appeal was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[30] Khalafala is not entitled to relief under his first ground.

Ground 2:  In-Field Identification.

Soon after Shelly C. was assaulted, Khalafala was detained. An officer told Shelly C. there was a possible suspect that may or may not have been the person who assaulted her. Shelly C. was driven to where Khalafala was being detained. The officer put a spotlight on Khalafala, and Shelly C. identified him as her assailant. Khalafala contends that the in-field identification was unduly suggestive and should have been excluded. The California Court of Appeal, after noting that the argument was forfeited by a failure to object in the trial court, nonetheless found the argument to be without merit in its reasoned decision.[31]

Respondent has asserted that this ground is also procedurally barred. While this Court agrees for the reasons stated above with respect to Khalafala's first ground, the Court must address this ground for the same reason it must address the first ground.

The California Court of Appeal, applying the *Biggers* factors, found the pretrial identification not to be unduly suggestive. Shelly C. had ample opportunity to view Khalafala,

---

[28] *Khalafala*, 2007 WL 1139588 *4.

[29] *Id*. at *5.

[30] 28 U.S.C. § 2254(d).

[31] *Khalafala*, 2007 WL 1139588 *3–5.

her attention was clearly focused on him.  She identified him shortly after the assault.  The minor discrepancies between the T-shirt Khalafala was wearing, the lack of a backpack, the presence of the shopping cart at the time of his detention and her description of him earlier in the evening were insignificant.  In a recent decision involving similar facts, the Ninth Circuit found a pretrial photographic lineup was not unduly suggestive.[32]  Consequently, this Court cannot say that the decision of the California Court of Appeal was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[33]  Khalafala is not entitled to relief under his second ground.

Ground 3:  Suppression of Evidence.

As before the California Court of Appeal, Khalafala contends that his conviction with respect to the Shelly C. assault must be reversed because the prosecution lost or withheld a blue T-shirt he was wearing when he allegedly committed the crime.[34]  He appears to argue that the T-shirt was crucial to his defense; however, he does not state clearly why the T-shirt was crucial.  The California Court of Appeal rejected Khalafala's position in its reasoned decision.[35]

In applying the due process clause to evidence that is withheld or lost, the Supreme Court has differentiated between evidence that is "material" and evidence that is merely "potentially useful."[36]  The failure to preserve "potentially useful evidence" does not violate due process "*unless a criminal defendant can show bad faith on the part of the police.*"[37]  For the

---

[32] *United States v. Drake*, 543 F.3d 1080, 1088-89 (9th Cir. 2008).

[33] 28 U.S.C. § 2254(d).

[34] Khalafala intermingles in his argument that the prosecution failed to "disclose" the blue T-shirt.  That is belied by the record.  That Khalafala was wearing a blue T-shirt at the time of his apprehension was a part of the police report and information that the record clearly shows was known to defense counsel.

[35] *Khalafala*, 2007 WL 1139588 *2–3.

[36] *Illinois v. Fisher*, 540 U.S. 544, 547–49 (2004) (per curiam).

[37] *Arizona v. Youngblood,* 488 U.S. 51, 58 (1988) (emphasis added); *see Fisher*, 540 U.S. at 548 (per curiam) (quoting *Youngblood*).

nondisclosure of information to rise to the level of a constitutional violation, the information must be found to be material for the purposes of the Due Process clause.  The test for materiality distinguishes among three types of situations in which the evidence may fall: (1) where the undisclosed evidence shows that the prosecutor's case includes perjured testimony and that the prosecutor knew, or should have known, of the perjury, (2) where the defendant made a specific request for particular undisclosed information, and (3) where the defendant made no request, or made only a general request.  If the undisclosed evidence falls within either of the first two categories, a strict standard of materiality applies, and Due Process is violated if there is any reasonable likelihood that the evidence would have affected the outcome.[38]  That is, "a constitutional error occurs, and the conviction must be reversed, only if the evidence is material in the sense that its suppression undermines confidence in the outcome of the trial."[39]  If the undisclosed evidence falls within the third category, Due Process is violated only if the undisclosed evidence, viewed in the context of the entire record, creates a reasonable doubt that would not otherwise exist.[40]

In this case, the California Court of Appeal, applying the strict standard, determined that the blue T-shirt was not material because it was neither exculpatory nor impeaching.  Khalafala appears to argue that the blue T-shirt did not have any foxtails on it, therefore, if introduced into evidence, would have proved that he was not the assailant.  Even assuming that Khalafala is correct that the blue T-shirt did not have any foxtails on it, his conclusion that it would have proved he was not the assailant requires a quantum leap in logic that is unjustified by the record.  Khalafala's argument hinges on his arrest and the description given by the arresting officer concerning his appearance at the time of his arrest.  What Khalafala fails to recognize is that the evidence on which he was convicted was Shelly C.'s identification of him as the assailant at the trial, which, as noted above, was properly admitted.  The blue T-shirt, even if it did not have

---

[38] *United States v. Agur*, 427 U.S. 103–07 (1976).

[39] *United States v. Bagley,* 473 U.S. 667, 678 (1985).

[40] *Agur*, 427 U.S. at 112–13.

foxtails on it, was of questionable relevance to his identification by Shelly C. as the assailant, and its absence from evidence certainly does not undermine confidence in the outcome.

This Court cannot say that the decision of the California Court of Appeal was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[41]  Khalafala is not entitled to relief under his third ground.

Ground 4:  Ineffective Assistance of Counsel.

Khalafala contends that counsel was ineffective in that counsel failed to:  (1) present two witnesses; (2) investigate the alleged false testimony of Officer Avila; (3) present exculpatory evidence, *i.e.*, a blue T-shirt that Khalafala was wearing at the time of his apprehension; (4) fully investigate the criminal record of one of the complaining witnesses (Debra P.); (5) object to the in-court identification that allegedly was the product of an illegal pretrial identification; and (6) properly challenge the conduct of the investigator for the prosecution in contacting Debra P.  In an exhaustive and well-reasoned opinion, the California Court of Appeal rejected all of Khalafala's arguments.[42]

Under *Strickland*,[43] to demonstrate ineffective assistance of counsel, Petitioner must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense.[44]  A deficient performance is one in which counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment.[45]  Petitioner must show that defense counsel's representation was not within the range of competence

---

[41] 28 U.S.C. § 2254(d).

[42] *Khalafala*, 2007 WL 1139588 *7–9.

[43] *Strickland v. Washington*, 466 U.S. 668 (1984).

[44] *Id.* at 687.

[45] *Id.*

demanded of attorneys in criminal cases, and that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different.[46]

*Strickland* and its progeny do not mandate this court act as a "Monday morning quarterback" in reviewing tactical decisions.[47]  Indeed, the Supreme Court admonished in *Strickland*:

> Judicial scrutiny of counsel's performance must be highly deferential.  It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.  There are countless ways to provide effective assistance in any given case.  Even the best criminal defense attorneys would not defend a particular client in the same way.[48]

While judicial inquiry into counsel's performance under *Strickland* must be highly deferential, it is "by no means insurmountable," but nonetheless remains "highly demanding."[49]  "Only those habeas petitioners who can prove under *Strickland* that they have been denied a fair trial by the gross incompetence of their attorneys will be granted the writ and will be entitled to retrial."[50]

"[T]he defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"[51]  "[He] bears the heavy burden of

---

[46] *Hill v. Lockhart,* 474 U.S. 52, 57 (1985).

[47] *See Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

[48] *Strickland*, 466 U.S. at 689 (internal citations and quotation marks omitted).

[49] *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986).

[50] *Id.* at 382.

[51] *Strickland*, 466 U.S. at 689.

proving that counsel's assistance was neither reasonable nor the result of sound trial strategy."[52] "In determining whether the defendant received effective assistance of counsel, 'we will neither second-guess counsel's decisions, nor apply the fabled twenty-twenty vision of hindsight,' but rather, will defer to counsel's sound trial strategy."[53]  "Because advocacy is an art and not a science, and because the adversary system requires deference to counsel's informed decisions, strategic choices must be respected in these circumstances if they are based on professional judgment."[54]

A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."[55]  The court must then consider those acts or omissions against "prevailing professional norms."[56]  Even then, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[57]

Petitioner has not met this heavy burden.  His first three points all deal with his appearance at the time of his arrest, which as noted in this Court's discussion of Khalafala's third ground, was essentially a collateral issue having no direct bearing on his guilt or innocence. There is no evidence that the blue T-shirt could be found or that counsel could have located it. Whatever significance the blue T-shirt may have had, defense counsel explored that point extensively in his cross-examination of the officer.  On his fourth point, Khalafala does not identify any information counsel may have found with respect to the criminal record of Debra P. beyond that which counsel brought out on his cross-examination of her.  His fifth point fails because, as noted in the discussion of the first and second grounds, admission of the in-court

---

[52] *Murtishaw v. Woodford*, 255 F.3d 926, 939 (9th Cir. 2001).

[53] *Id.* (quoting *Strickland*, 466 U.S. at 689).

[54] *Strickland*, 466 U.S. at 681.

[55] *Id*. at 690.

[56] *Id*.

[57] *Id*.

MEMORANDUM DECISION
*Khalafala v. Brown*, 2:06-cv-01152-JKS                    12

identification was not erroneous.  Khalafala's sixth point fails because, as Respondent noted, counsel moved to dismiss on that ground, and the motion was denied.  There was nothing more defense counsel could have done.

The United States Supreme Court has said that counsel need not undertake exhaustive witness investigation.  The question is not "what is prudent or appropriate, but only what is constitutionally compelled."[58]  While "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary," an attorney's strategic decisions "made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."[59]  "[S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."[60]  The Supreme Court has never, however, explained what amount of investigation is sufficient.  "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments."[61]

Applying the standards mandated by the Supreme Court, this Court cannot say that the decision of the California Court of Appeal was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[62]  Khalafala has failed to overcome the strong presumption that counsel's performance fell within the wide range of reasonable professional assistance or that his defense was prejudiced by any  alleged omission as required by *Strickland – Hill*.  Khalafala is not entitled to relief on his fourth ground.

Ground 5:  Sufficiency of the Evidence.

---

[58] *Burger v. Kemp*, 483 U.S. 776, 794 (1987) (quoting *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984)).

[59] *Strickland*, 466 U.S. at 690–91.

[60] *Id.*

[61] *Id.* at 691.

[62] 28 U.S.C. § 2254(d).

Khalafala contends that the evidence was insufficient to convict him as the assailant. Khalafala's principal attack is on the credibility of Debra P.'s identification testimony. Khalafala's argument is based upon alleged inconsistencies and contradictions in her testimony, and her level of intoxication at the time she was assaulted. The California Court of Appeal succinctly and correctly rejected Khalafala's arguments in its reasoned decision.[63]

As stated by the Supreme Court in *Jackson*,[64] the constitutional standard for sufficiency of the evidence is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[65] This court must, therefore, determine whether the decision by the California Court of Appeal unreasonably applied *Jackson*.

Khalafala misperceives the role of a federal court in a habeas proceeding challenging a state-court conviction. This Court is precluded from either re-weighing the evidence or assessing the credibility of witnesses. Where, as in this case, the question is one of credibility, except in the most exceptional circumstances, the finding of the jury carries the day.[66] Under *Jackson*, the role of this Court is to simply determine whether there is any evidence, if accepted as credible by the jury, sufficient to sustain conviction.[67] That such evidence exists is, as determined by the California Court of Appeal, clearly established by the record in this case. Khalafala bears the burden of establishing by clear and convincing evidence that the factual findings of the jury were erroneous; a burden he has failed to carry.

Applying the standards mandated by the Supreme Court in *Jackson* and its progeny, this Court cannot say that the decision of the California Court of Appeal was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts

---

[63] *Khalafala*, 2007 WL 1139588 *6–7.

[64] *Jackson v. Washington*, 443 U.S. 307 (1979).

[65] *Id.* at 319 (emphasis in the original).

[66] *See Bruce v Terhune*, 376 F.3d 950, 957–58 (9th Cir. 2004).

[67] *See Schlup v. Delo*, 513 U.S. 298, 340 (1995).

in light of the evidence presented in the State court proceeding."[68]  Khalafala is not entitled to relief under his fifth ground.

Ground 6:  Admission of Hearsay Evidence.

In his petition Khalafala does not identify the hearsay testimony that he contends was improperly admitted.  Consequently, this Court assumes that he is referring to the same testimony that he raised on direct appeal, *i.e.*, the hearsay testimony of Detective Roth allowed at the preliminary hearing.  The California Court of Appeal rejected Khalafala's arguments, holding:

> *Hearsay Evidence at Preliminary Examination*
>
> During defendant's preliminary examination, Detective Gerald Roth testified that defendant was the one Shelly identified as her assailant.  The detective based his testimony on hearsay from Officer Avila.  Defendant contends the use of hearsay at the preliminary examination to identify him as the assailant in the Shelly assault violated his confrontation rights.  He is mistaken.  Use of hearsay at the preliminary examination is constitutionally acceptable. (*People v. Miranda* (2000) 23 Cal.4th 340, 349.)[69]

As an issue under federal constitutional due process, the introduction of hearsay evidence at trial in the context of a Confrontation Clause claim is determined under the principles set forth in *Crawford*,[70] and in the non-confrontational context by those set forth in *Roberts*.[71]  Khalafala's reliance on *Pointer*[72] is misplaced.  In *Pointer* the Supreme Court held that the admission *at trial* of testimony from a preliminary hearing, where the testimony was not tested by cross-examination at the hearing and the witness did not testify at trial, violated the Confrontation Clause.[73]  Khalafala has not cited any Supreme Court decision holding that the admission of hearsay testimony at a preliminary hearing violates the Confrontation Clause, and independent research by the Court did not discover such a case.  Indeed, the clear implication of *Pointer* is

---

[68] 28 U.S.C. § 2254(d).

[69] *Khalafala*, 2007 WL 1139588 *9.

[70] *Crawford v. Washington*, 541 U.S. 36 (2004).

[71] *Ohio v. Roberts*, 448 U.S. 56 (1980) (abrogated in part by *Crawford*).

[72] *Pointer v. Texas*, 380 U.S. 400 (1965).

[73] *Id.* at 406–07.

that hearsay evidence is admissible at a preliminary hearing and does not, in itself, violate the Confrontation Clause.[74]

Because there is no factually analogous decision of the Supreme Court finding a Confrontation Clause violation on the basis of allowing hearsay testimony at a preliminary hearing, the decision of the California Court of Appeal is not contrary to a decision of the Supreme Court with materially indistinguishable facts.[75]  Khalafala is not entitled to relief on his sixth ground.

Ground 7:  Speedy Trial.

On February 19, 2004, Khalafala was arrested and charged with assault with the intent to rape Debra P.  When Debra P. failed to appear at the trial, the charges were dismissed.  While out of custody, Khalafala assaulted Shelly C.  After Debra P. agreed to testify, the People filed charges for both assaults, and trial commenced on December 15, 2004, 309 days after his initial arrest for assaulting Debra P.  Khalafala contends that, with respect to the charges related to the assault on Debra P., he was denied his constitutional right to a speedy trial.  The California Court of Appeal rejected Khalafala's arguments, holding:

*Speedy Trial Rights*

Because Debra P. did not appear for the first trial, the charge against defendant was dismissed.  Later, however, the charge was included in the prosecution against defendant after he committed the Shelly C. assault.  Defendant contends the refiling of the Debra charge violated his right to a speedy trial.  Defendant waived this contention by failing to make the contention in the trial court. (*People v. Wilson* (1963) 60 Cal.2d 139, 146-147.)  Furthermore, the delay was justified by Debra's failure to appear despite being subpoenaed, and defendant cites no evidence establishing prejudice from the delay. (See *Barker v. Wingo* (1972) 407 U.S. 514 [33 L.Ed.2d 101] [federal speedy trial right claim]; *People v. Roybal* (1998) 19 Cal.4th 481, 513 [state speedy trial right claim].)[76]

---

[74] *See also Crawford*, 541 U.S. at 43–46 (discussing the history of the pretrial hearing testimony and its use at trial in the absence of an opportunity to cross-examine).

[75] *See Vasquez v. Kirkland*, 572 F.3d 1029, 1038 (9th Cir. 2009).

[76] *Khalafala*, 2007 WL 1139588 *9.

To the extent that Khalafala bases his arguments on an alleged violation of the California Speedy Trial Act, they raise nothing more than issues of state law, which, as noted above, are beyond the purview of this Court in a federal habeas proceeding.  The seminal constitutional speedy trial case is *Barker*,[77] which qualifies as "clearly established law" under AEDPA.  As the Supreme Court recently noted in applying *Barker*:

> The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial."  The speedy-trial right is "amorphous," "slippery," and "necessarily relative."  *Barker,* 407 U.S., at 522, 92 S. Ct. 2182 (quoting *Beavers v. Haubert,* 198 U.S. 77, 87, 25 S. Ct. 573, 49 L.Ed. 950 (1905)).  It is "consistent with delays and depend[ent] upon circumstances."  407 U.S., at 522, 92 S. Ct. 2182 (internal quotation marks omitted).  In *Barker,* the Court refused to "quantif[y]" the right "into a specified number of days or months" or to hinge the right on a defendant's explicit request for a speedy trial.  *Id.,* at 522-525, 92 S. Ct. 2182.  Rejecting such "inflexible approaches," *Barker* established a "balancing test, in which the conduct of both the prosecution and the defendant are weighed."  *Id.,* at 529, 530, 92 S. Ct. 2182.  "[S]ome of the factors" that courts should weigh include "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant."  *Ibid.*[78]

In this case, the California court found that the fact the complaining witness (the victim) did not appear for the initial trial on the first charge resulted in the dismissal and the delay.  This Court notes that the federal Speedy Trial Act specifically excludes from the computation of time under  that Act "[a]ny period of delay resulting from the absence or unavailability of the defendant or an essential witness."[79]  No decision of the Supreme Court has held in an analogous situation, *i.e.*, in which the prosecution was not at fault for the delay for a period of less than a year, that the defendant's constitutional speedy trial rights were violated.  While there need not be a narrow Supreme Court holding precisely on point, this Court cannot say that the California Court of Appeal ignored the fundamental principles established by *Barker*, the most relevant Supreme Court precedent.[80]  In the absence of explicit direction from the Supreme Court, this

---

[77] *Barker v. Wingo*, 407 U.S. 514 (1972).

[78] *Vermont v. Brillon*, 555 U.S. ___, 129 S. Ct. 1283, 1290 (2009).

[79] 18 U.S.C. § 3161(h)(3)(A).

[80] *See Abdul-Kabir v. Quarterman*, 550 U.S. 233, 258 (2007); *Moore v. Czerniak*, 574 F.3d 1092, 1100 (9th Cir. 2009).

Court cannot say that the decision of the California Court of Appeal in this case was contrary to, or involved an unreasonable application of *Barker*, the relevant Supreme Court precedent.[81] Khalafala is not entitled to relief under his seventh ground.

> Ground 8.  Improper Motivation of Witness.

Khalafala contends that the investigator for the prosecution improperly motivated Debra P. to testify.  Khalafala does not describe the alleged improper motivation in his petition to this Court.  Based upon the Court's review of the record, it is assumed that Khalafala is referring the same conduct addressed by the California Court of Appeal in discussing his ineffective assistance of counsel claim.  As described by the California Court of Appeals:

> After Debra had failed to appear for the first trial, forcing the prosecution to have the case dismissed, the investigator contacted her and told her that defendant had reoffended and it was important for her to appear in court to testify against him. The investigator, based on a misreading of the report of the Shelly assault, told Debra the victim of the second assault was only 15 years old.  Once the investigator was apprised of the error, he contacted Debra to correct the error. The court denied the motion to dismiss, stating that the evidence of the investigator's conduct did not require dismissal.[82]

Other than to note that the conclusion of the trial court was valid, the California Court of Appeal did not discuss the issue of the merits.[83]  When there is no reasoned state court decision denying an issue presented to the state court and raised in a federal habeas petition, this Court must assume that the state court decided all the issues presented to it and perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable.[84] The scope of this review is for clear error of the state court ruling on the petition:

> [A]lthough we cannot undertake our review by analyzing the basis for the state court's decision, we can view it through the "objectively reasonable" lens ground by *Williams*. . . . .  Federal habeas review is not *de novo* when the state court does not supply reasoning for its decision, but an independent review of the record is

---

[81] *Musladin*, 549 U.S. at 74; *see Kessee v. Mendoza-Powers*, 574 F.3d 675, 678 (9th Cir. 2009).

[82] *Khalafala,* 2007 WL 1139588 *8.

[83] *Id.* at *9.

[84] *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006); *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005) (per curiam).

required to determine whether the state court clearly erred in its application of controlling federal law.  Only by that examination may we determine whether the state court's decision was objectively reasonable.[85]

"[A]lthough we independently review the record, we still defer to the state court's ultimate decision."[86]

Other than a general, unexplained cite to *Chapman*,[87] Khalafala does not explain how the conduct of the investigator violated his due process or equal protection rights.  To the extent that Khalafala is referring to the *Chapman* "harmless beyond a reasonable doubt" standard, his reliance is misplaced.  The standard applied in collateral review cases is "substantial and injurious."[88]  Assuming, without deciding, that the action of the prosecutor's investigator was improper, it cannot be said that action had a substantial or injurious effect on the proceedings, other than the obvious fact that without the testimony of Shelly P. Khalafala would not have been convicted on that count.  There is no identifiable due process right violated by the truthful testimony of a victim irrespective of the motivation for testifying.  Khalafala is not entitled to relief under his eighth ground.

Ground 9:  Double Jeopardy.

Khalafala argues that trying him on the charge of assaulting Debra P. violated the constitutional prohibition against double jeopardy.  The California Court of Appeal rejected Khalafala's position, holding:

*Double Jeopardy*

Finally, defendant asserts the prosecution of the count in this case involving Debra P. after he had already been tried for that crime violated the double jeopardy clause.  Defendant offers no authority or reasoning for this assertion and, therefore, it is without merit.  (*People v. Stanley* (1995) 10 Cal.4th 764, 793 [failure to cite authority waives appellate review].)  Furthermore, the assertion is

---

[85] *Delgado v. Lewis* (*Delgado II*), 223 F.3d 976, 982 (9th Cir. 2000) (internal citation omitted); *see also Lewis v. Mayle*, 391 F.3d 989, 996 (9th Cir. 2004).

[86] *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

[87] *Chapman v. California*, 386 U.S. 18 (1967).

[88] *Fry*, 551 U.S. at 121.

MEMORANDUM DECISION
*Khalafala v. Brown*, 2:06-cv-01152-JKS                    19

based on the false premise that he was previously tried for his crime against Debra P.  He was not.[89]

The Double Jeopardy Clause of the Fifth Amendment provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb."  In essence, the Double Jeopardy Clause protects a criminal defendant against three things:  (1) "a second prosecution for the same offense after acquittal," (2) "a second prosecution for the same offense after conviction," and (3) "multiple punishments for the same offense."[90]  For double jeopardy to apply, it is necessary that jeopardy have attached in the prior proceeding.[91]  Jeopardy attaches in a jury trial when the jury is sworn,[92] and in a non-jury trial when the court begins to hear evidence, *i.e.*, the first witness is sworn.[93]  In this case, Khalafala was not placed in jeopardy on the initial charge of assaulting Debra P.  Consequently, his trial on the re-filed charge did not constitute double jeopardy.  Khalafala is not entitled to relief under his ninth ground.

Ground 10:  Denial of Motion for New Trial.

Khalafala contends that he was entitled to a new trial for two reasons:  (1) ineffective assistance of counsel; and (2) newly discovered evidence that would establish that Officer Avila committed perjury.  The California Court of Appeal rejected Khalafala's arguments, holding:

*Motion for New Trial*

Defendant, on his own behalf, filed a motion for new trial.  He asserted his representation was flawed in several ways.  After admonishing defendant concerning representing himself and obtaining the appropriate waivers, the court allowed defendant to represent himself and argue his motion.  The court then denied the motion for new trial.

Defendant asserts the trial court erred in denying his motion for new trial, in which defendant argued ineffective assistance of counsel and discovery of new evidence. As discussed in detail below, defendant's counsel was not

---

[89] *Khalafala*, 2007 WL 1139588 *10.

[90] *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969) (overruled on other grounds by *Alabama v. Smith*, 490 U.S. 794 (1989)).

[91] *See Will v. Hallock*, 546 U.S. 345, 354 n.*.

[92] *Crist v. Bretz*, 437 U.S. 28, 38 (1978).

[93] *Serfass v. United States*, 420 U.S. 377, 388 (1975).

constitutionally deficient.  We also conclude the trial court did not err as to the newly discovered evidence argument.  Unless the defendant establishes the trial court clearly abused its discretion in denying a motion for new trial, we will not reverse. (*People v. McDaniel* (1976) 16 Cal.3d 156, 178-179.)  "'When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing, in support thereof, *the affidavits of the witnesses by whom such evidence is expected to be given . . . .*'" ( *People v. Beeler* (1995) 9 Cal.4th 953, 1005, italics in original.)

In support of his motion for new trial, defendant filed a document stating:

"Hereby, I want to confirm to the court that, the officer, Micheal Avilla [*sic, Michael Avila*], who testified in court, was not the police officer who actually arrested me in the night of the 28th of June 2004.  [¶]  Furthermore, in directions of the court, I will testify against Officer Avilla [*sic* ], providing extra two witnesses from the booking process who can verify my truthful claim."

Defendant simply stated, without support of witness affidavits, that he would obtain the testimony of witnesses from the booking process to establish that the officer who testified against him was not the officer who arrested him.  This was insufficient to support a motion for new trial.  Therefore, the trial court did not abuse its discretion in denying the motion for new trial.[94]

As did the California Court of Appeal, this Court, in rejecting his third ground,  has determined that trial counsel was not ineffective.  Thus, this ground could not provide a valid basis for granting a new trial.  Under Federal Rule of Criminal Procedure 33, a motion for new trial based on newly discovered evidence is addressed to the sound discretion of the trial court and may be granted "if required in the interest of justice."[95]  A substantial burden rests on the movant to demonstrate an abuse of discretion.  "It must appear from the motion and affidavits that: (1) the evidence relied on is in fact newly discovered; (2) the movant has been diligent; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) a new trial probably would produce an acquittal."[96]

In this case, the California Court of Appeal applied a standard similar to that applied by controlling authority under a rule of the Federal Rules of Criminal Procedure, which are not only promulgated by the Supreme Court, but have not been abrogated by the Supreme Court since its

---

[94] *Khalafala*, 2007 WL 1139588 *2.

[95] *United States v. Eldred*, 588 F.2d 746, 753 (9th Cir. 1978).

[96] *Id.*

adoption.  Consequently, this Court cannot say that the decision of the California Court of

Appeal was "contrary to, or involved an unreasonable application of, clearly established Federal

law, as determined by the Supreme Court of the United States" or "was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding."[97]

Khalafala is not entitled to relief under his tenth ground.

## V.  CONCLUSION and ORDER

Khalafala is not entitled to relief under any ground raised in the petition.  Accordingly,

**IT IS HEREBY ORDERED THAT** the Petition for a Writ of Habeas Corpus under 28

U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of

Appealability.[98]  Any further request for a Certificate of Appealability must be addressed to the

Court of Appeals.  *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

The Clerk of the Court to enter judgment accordingly.

Dated:  September 29, 2009.

/s/ James K. Singleton, Jr.

JAMES K. SINGLETON, JR.
United States District Judge

---

[97] 28 U.S.C. § 2254(d).

[98] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks and citations omitted).